```
               UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MASSACHUSETTS
```

UNITED STATES OF AMERICA    )
                            )
                            ) CR 03-30043-MAP
       v.                   ) CA 08-30204-MAP
                            )
LEE A. HENRY, JR.,          )
  Defendant                 )


MEMORANDUM AND ORDER REGARDING
DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT
SENTENCE PURSUANT TO 28 U.S.C. § 2255
(Docket Nos. 1 & 124)

February 9, 2009

PONSOR, D.J.

On October 24, 2003, Defendant was charged in a four-count indictment with distributing heroin and crack cocaine. On January 13, 2005, a jury returned guilty verdicts on Counts I through III. Based upon Defendant's career offender status, his guideline sentencing range was 360 months to life. Despite this, on January 27, 2006, the court departed downward and Defendant was sentenced to 144 months imprisonment on each of the three counts, all to run concurrently. Defendant's conviction was affirmed on appeal, United States v. Henry, 42 F.3d 27 (1st Cir.).

It is significant that, while Defendant was on pretrial release following his first appearance on the October 2003 indictment, he was again apprehended with 50 bags of heroin in

his possession. Based on this conduct, Defendant was indicted again on March 17, 2005 in a separate case, CR No. 05-30010. He was, in addition, charged with contempt of court for violating the conditions of his release on the earlier indictment. Based on his pleas of guilty to the 2005 indictment, his Sentencing Guidelines range was 188 to 235 months.

On January 27, 2006, the court sentenced Defendant to 144 months on the second drug violation, plus 24 months to run consecutive for the contempt, all to be concurrent with the 144-month sentence on his first conviction. Defendant's sentence was ultimately affirmed. United States v. Henry, 519 F.3d 68 (1st Cir.).

Defendant has filed a petition pursuant to 28 U.S.C. § 2255, alleging that his attorney in the first indictment, CR-03-30043, was ineffective because of her failure to challenge the state court convictions that supported his career offender status. See 21 U.S.C. § 851(b).

Strickland v. Washington, 466 U.S. 668 (1984), has established a two-part test to determine whether counsel's assistance was so ineffective as to require reversal of a defendant's conviction. Defendant must show first that counsel's performance was deficient, in the sense that counsel made errors "so serious that counsel was not functioning as

the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. Second, the defendant must show that counsel's deficient performance prejudiced the defense. Id.

Defendant cannot satisfy the first portion of the Strickland test. His counsel's attempt to vitiate the court sentences underlying his career offender status failed when the state court judge declined to vacate them. Defense counsel thereafter concentrated on convincing the court to depart downward from Defendant's very substantial Sentencing Guideline range, and she succeeded brilliantly. It can hardly be said under these circumstances that the decision to concentrate on the downward departure, rather than on the futile effort to knock out the state court conviction, constituted ineffective assistance of counsel.

Moreover, even if Defendant could somehow point to a deficient performance by his attorney, which he cannot, he cannot demonstrate prejudice.

Despite counsel's lack of success in challenging the state court convictions, Defendant received a 144-month sentence, less than half the low end of the applicable guidelines range. Defendant cannot show that this sentence was inappropriate, even without his career offender designation. To top this, Defendant received a second 144-month sentence, to run concurrent with this sentence, and a

24-month on-and-after sentence based upon his egregious misconduct in disregarding the orders of the court. Given these circumstances, it was a near-miracle of effective advocacy that Defendant received the reasonable sentence that he did. No prejudice flowed from the lack of success in knocking out the state court prior convictions, because (but for counsel's efforts) Defendant would have faced a worse sentence without them.

For the foregoing reasons, Defendant's motion pursuant to 28 U.S.C. § 2255 in CR 03-30043 (Dkt. No. 124) is hereby DENIED, and the parallel civil petition in CA 08-30204 (Dkt. No. 1) is hereby ordered DISMISSED. The criminal case is already closed. The clerk is ordered to enter judgment for Respondent in the civil case and that case may now be closed as well.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge